[Civ. No. 8026. First Appellate District, Division Two.—November 4, 1932.]

MYRA ELIAS, Appellant, v. JOHN ELIAS, Respondent.

Edmund J. Holl for Appellant.

Holloway Jones and Hugh J. McKevitt for Respondent.

STURTEVANT, J.—This is an appeal from an order setting aside the default of the defendant and setting aside an interlocutory decree in a divorce action. The transcript shows that the action was commenced June 10, 1930; that a summons issued and was personally served on the defendant by delivering him a copy of the summons and a copy of the complaint on the eleventh day of June, 1930; that he did not appear; that his default was entered June 23, 1930; and that on June 25, 1930, the default case was tried and on that date an interlocutory decree of divorce was entered. Thereafter the defendant served a notice that he would move to set aside the default and interlocutory decree because the decree was taken against him "through defendant's mistake, inadvertence, surprise and excusable neglect, and on the further ground that said default was taken and said interlocutory decree made through the fraud and misrepresentation practiced on said court and said defendant by the plaintiff. . . . " On the hearing of the motion the defendant introduced in evidence the notice, the complaint, the summons and the return thereon, the interlocutory decree, his own affidavit, and a copy of the answer and cross-complaint which he desired to be allowed to file. The plaintiff introduced her own affidavit. After hearing arguments the court granted the motion. Later the plaintiff appealed from the order. In support of her appeal she has filed a brief and a supplemental brief. The defendant has filed no briefs, but on the contrary the attorneys who represented him in the trial court have stated that they did not expect to file any briefs because their client had left the state and neglects and refuses to give them any authority.

In her brief the plaintiff asserts that the defendant introduced no evidence showing "mistake, surprise, inadvertence or excusable neglect". As to fraud she asserts that

the entire showing rested on the charge that the plaintiff had stated to the defendant that she would not ask for a decree determining the property rights of the parties and that after the decree was obtained the parties would divide their properties between them. Continuing she shows that on the hearing of the motion it was the contention of the defendant that in violation of the plaintiff's promise she asked for a decree determining the property rights of the parties. Thereupon she contends that on the hearing of the motion she filed an affidavit in which she denied that she ever made the promise complained of. Be that as it may, she continues by arguing that the fraud, if any, was intrinsic and not extrinsic. We think the contention is sound. Furthermore, as we have shown above, the defendant knew the nature of the plaintiff's complaint as early as the eleventh day of June, 1930, but failed to take any action whatever. If for the purpose of this decision it be assumed that the plaintiff had made the promise attributed to her, the defendant had timely warning that she was not going to abide by the promise and he was not entitled to assert approximately three months thereafter that he was taken by surprise. Under these circumstances we think the defendant made no showing that entitled him to have the interlocutory decree set aside.

The order appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.